UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE SOLAR CITY CORPORATION SECURITIES LITIGATION | Case No. 16-CV-04686-LHK<br><br>**ORDER RE: MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL**<br><br>Re: Dkt. Nos. 10, 14, 18, 40 |

There are three motions pending before this Court in two consolidated cases. The first is Richard Flynn ("Flynn") and Neil Jubitz's ("Jubitz") Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Counsel. ECF No. 10 ("Flynn & Jubitz Mot."). The second is Retail Wholesale Department Store Union Local 338 Retirement Fund's ("Local 338's") Motion for Consolidation of Related Cases, Appointment as Lead Plaintiff, and Approval of Counsel. ECF No. 14 ("Local 338 Mot."). The third is Frank Fish's ("Fish") Motion for Consolidation, and Appointment as Lead Plaintiff, and Approval of Counsel. ECF No. 18 ("Fish Mot."). Also before the Court is Fish and Local 338's Stipulation Appointing Fish and Local 338 as Co-Lead Plaintiff's. ECF No. 40 (Fish and Local 338 Stipulation).

After considering the parties' briefing, the relevant law, and the record in this case, the

United States District Court
Northern District of California

Court DENIES as moot the three motions to consolidate, GRANTS Fish's motion for appointment as lead plaintiff and approval of counsel, and DENIES Flynn and Jubitz's and Local 338's motions for appointment as lead plaintiff and approval of counsel. The Court DENIES Fish and Local 338's stipulation appointing Fish and Local 338 as co-lead plaintiffs.

# I.   BACKGROUND

## A.   Factual Background

Defendant SolarCity Corporation ("SolarCity") "provides solar energy systems for commercial and residential use." ECF No. 1 ("Compl.") ¶ 2. SolarCity sells and leases solar energy systems directly to customers. *Id.* The other Defendants—Lyndon Rive, Brad Buss, and Tanquy Serra—were officers of SolarCity during the events alleged in the complaint. *Id.* The Court refers to SolarCity and its officers collectively as Defendants.

The instant suit is a securities class action brought "on behalf of persons and entities that acquired SolarCity securities between May 5, 2015, and February 9, 2016, inclusive (the 'Class Period')." *Id.* ¶ 1. Plaintiffs allege that Defendants violated the Securities Exchange Act of 1934 through statements made in quarterly letters to investors. *Id.*

Specifically, on May 5, 2015, the first day of the Class Period, SolarCity issued the "SolarCity First Quarter 2015 Shareholder Letter." *Id.* ¶ 21. This letter reported financial information and sales numbers for the first quarter of 2015, and made predictions about sales in the second quarter of 2015. *Id.* On July 29, 2015, SolarCity issued the "SolarCity Second Quarter 2015 Shareholder Letter." *Id.* ¶ 22. That letter reported financial information and sales numbers for the second quarter of 2015, made predictions about sales in the third quarter of 2015, and stated that SolarCity predicted a strong close to 2015 and "solid growth" in 2016. *Id.*

On October 29, 2015, SolarCity issued the "SolarCity Third Quarter 2015 Shareholder Letter." *Id.* ¶ 26. That letter announced that SolarCity "was lowering its full year 2015 guidance." *Id.* ¶ 3. Specifically, SolarCity stated that it was "estimating installations of 280 to 300 MW in the fourth quarter . . . . This is below the low end of our prior annual guidance . . . ." *Id.* Additionally, SolarCity announced it was lowering its target growth rate for the 2016 fiscal year from 70%

Case No. 16-CV-04686-LHK
ORDER RE: MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL

United States District Court
Northern District of California

1   down to 41%.  *Id.*  As a result, at the close of October 30, 2015, SolarCity's stock price fell $8.42

2   per share, or 22%, to $29.65 per share.  *Id.*

3        The complaint alleges that the May 5, 2015 letter, the July 29, 2015 letter, and the October

4   29, 2015 letter all contain statements that "were materially false and/or misleading, as well as

5   failed to disclose material adverse facts about [SolarCity's] business, operations, and prospects."

6   *Id.* at 25, 29.  Specifically, these letters allegedly stated falsely or failed to disclose "(1) that

7   demand for [SolarCity's] products was weakening; (2) that [SolarCity] was concealing the

8   weakening demand from investors; and (3) that, as a result of the foregoing, Defendants'

9   statements about SolarCity's business, operations, and prospects, were false and misleading and/or

10  lacked a reasonable basis."  *Id.* at 25, 29.

11       On February 9, 2016, the last day of the Class Period, SolarCity issued the "SolarCity

12  Fourth Quarter 2015 Shareholder Letter."  *Id.* ¶ 30.  In that letter, SolarCity announced that "it fell

13  short of its previously issued fiscal year 2015 installation guidance."  *Id.* ¶ 5.

14       On February 10, 2016, SolarCity filed its annual report to the Securities and Exchange

15  Commission ("SEC") on Form 10-K (the "10-K").  *Id.* ¶ 31.  SolarCity's 10-K affirmed the

16  information reported in the February 9, 2016 letter to shareholders.  *Id.*  The 10-K also reported

17  that SolarCity would no longer report "nominal contracted payments," which are characterized as

18  an "undeployed backlog of contracts," as a representation of SolarCity's growth.  *Id.*  In addition,

19  the 10-K "reported cumulative energy contracts[,] quarter-to-quarter growth[,] and cumulative

20  customer quarter-to-quarter growth that fell below [SolarCity's] recent trend."  *Id.*  As a result of

21  the February 9, 2016 and February 10, 2016 disclosures, at the close of February 10, 2016,

22  SolarCity's stock price fell $7.72 per share, or 29%, to $18.63 per share.  *Id.* ¶ 31.

23       **B.      Procedural History**

24       On August 15, 2016, Plaintiff Joerg Muller filed the instant class action suit, which was

25  titled *Mueller v. SolarCity Corp., et al.*, Case No. 5:16-CV-04686-LHK.  On the same day, August

26  15, 2016, a notice was published in *Business Wire* that the suit had been filed as required by 15

27  U.S.C. § 78u–4(a)(3)(A)(i).  ECF No. 15 & 15-1, Declaration of Robert Prongay ("Prongay

28

Decl.") ¶ 2 & Ex. A.  This notice advised putative class members that they had 60 days from the date of the notice, until October 14, 2016, to file a motion to seek appointment as lead plaintiff in the lawsuit.  *Id.*  On October 7, 2016, Plaintiff George Nuckols filed a suit that made similar class action allegations as *Mueller* in a case titled *Nuckols v. SolarCity Corp., et al.*, Case No. 5:16-CV-05806-LHK.

On October 14, 2016, in the *Mueller* case, putative class members filed the instant three motions.  Flynn and Jubitz, Local 338, and Fish each filed a Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Counsel.  Flynn & Jubitz Mot. at 1; Local 338 Mot. at 1; Fish Mot. at 1.  These motions sought to consolidate *Mueller* and *Nuckols* and to appoint each respective movant as lead plaintiff in the consolidated cases.  On October 28, 2016, Local 338 and Fish filed oppositions to each other's motions and Flynn and Jubitz's motion for appointment as lead plaintiff.  ECF No. 24 ("Fish Opp'n"); ECF No. 25 ("Local 338 Opp'n").  On November 4, 2016, Local 338 and Fish filed replies.  ECF No. 31 ("Local 338 Reply"); ECF No. 32 ("Fish Opp'n").

On November 4, 2016, the Court granted the parties' stipulation to consolidate *Mueller* and *Nuckols*.  ECF No. 29.  *Mueller* and *Nuckols* were consolidated and re-captioned as *In re Solar City Corporation Securities Litigation*, Case No. 5:16-CV-04686-LHK.

On January 19, 2017, Local 338 and Fish filed a stipulation appointing Fish and Local 338 as co-lead Plaintiffs.  ECF No. 40.  Neither Flynn and Jubitz nor Defendant were party to the stipulation.

## II.       DISCUSSION

The instant three motions seek to consolidate *Mueller* and *Nuckols*, appoint each movant as lead plaintiff, and approve the lead plaintiff's choice of counsel.

On November 4, 2016, the Court granted the parties' stipulation to consolidate *Mueller* and *Nuckols*.  ECF No. 29.  Accordingly, the Court DENIES as moot all three motions to consolidate.

The Court next turns to the motions to appoint lead plaintiff and approve class counsel.

The Court first discusses the requirements for selecting lead plaintiff's counsel and approving

counsel in securities class actions, and then discusses which movant has satisfied those requirements in this case.

### A.     PSLRA Selection of Lead Plaintiff's Counsel

The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4, governs the selection of a lead plaintiff in private securities class actions. This plaintiff should be the "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u–4(a)(3)(B)(i). Under the PSLRA, a three-step process determines the lead plaintiff. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). First, the first plaintiff to file an action governed by the PSLRA must publicize the pendency of the action, the claims made, and the purported class period "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u–4(a)(3)(A)(i)(I).[1] This notice must also alert the public that "any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u–4(a)(3)(A)(i)(II).[2]

Second, the court must select the presumptive lead plaintiff. *See In re Cavanaugh*, 306 F.3d at 729–30 (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)). In order to determine the presumptive lead plaintiff, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Id.* at 730 (footnote omitted). Once the court identifies the plaintiff with the most to gain, the court must determine whether that plaintiff, based on the information he provides, "satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* If he does, that plaintiff becomes the presumptive lead plaintiff. *Id.* If not, the court selects the plaintiff with the next-largest financial stake and determines whether that plaintiff satisfies the requirements of Rule 23. *Id.* The court repeats this process until it selects a presumptive lead plaintiff. *Id.*

Third, those plaintiffs not selected as the presumptive lead plaintiff may "rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy

---

[1] This publication is to be made "[n]o later than 20 days after the date on which the complaint is filed." 15 U.S.C. § 78u–4(a)(3)(A)(i).

[2] Those who wish to move the court for appointment as lead plaintiff must do so "not later than 60 days after the date on which the notice is published." 15 U.S.C. § 78u–4(a)(3)(A)(i)(II).

United States District Court
Northern District of California

1    requirements." *Id.* (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)).  This is done by showing that the

2    presumptive lead plaintiff either "will not fairly and adequately protect the interests of the class"

3    or "is subject to unique defenses that render such plaintiff incapable of adequately representing the

4    class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)(aa)-(bb).  If the court determines that the presumptive

5    lead plaintiff does not meet the typicality or adequacy requirement, then it must return to step two,

6    select a new presumptive lead plaintiff, and again allow the other plaintiffs to rebut the new

7    presumptive lead plaintiff's showing.  *In re Cavanaugh*, 306 F.3d at 731.  The court repeats this

8    process "until all challenges have been exhausted." *Id.* (citation and footnote omitted).

9         Under the PLSRA, the lead plaintiff is given the right, subject to court approval, to "select

10    and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v).  "[T]he district court

11    should not reject a lead plaintiff's proposed counsel merely because it would have chosen

12    differently." *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted).  "[I]f

13    the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer

14    to that choice." *Id.* at 712 (citations omitted).

15         **B.     Analysis**

16         The Court first discusses the procedural requirements of the PSLRA, then addresses who is

17    the presumptive lead plaintiff and any rebuttal arguments against that presumptive lead plaintiff,

18    and finally discusses the lead plaintiff's choice of counsel.

19              **1.     Procedural Requirements**

20         On August 15, 2016, the first of the two consolidated securities class actions, *Mueller v.*

21    *SolarCity Corp., et al.*, Case No. 5:16-CV-04686-LHK, was filed in this District asserting claims

22    under the Securities Exchange Act against Defendants.  On the same day, August 15, 2016, a

23    notice was published in *Business Wire* pursuant to 15 U.S.C. § 78u–4(a)(3)(A)(i).  Prongay Decl.

24    ¶ 2 & Ex. A.  This notice was timely because it was published within 20 days after the filing of the

25    complaint, and it listed the claims, the class period, and advised putative class members that they

26    had 60 days from the date of the notice to file a motion to seek appointment as lead plaintiff in the

27    lawsuit.  *See* 15 U.S.C. § 78u–4(a)(3)(A).  The three motions to appoint a lead plaintiff were filed

28

Case No. 16-CV-04686-LHK
ORDER RE: MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL

1    on October 14, 2016, within 60 days of the notice published in *Business Wire*, as required by 15

2    U.S.C. § 78u–4(a)(3)(A).  The parties seeking to become lead plaintiff, therefore, have met the

3    statutory procedural requirements.

4                    **2.       Presumptive Lead Plaintiff**

5                        **a.       Largest Financial Interest**

6           The PSLRA provides that, after notice of the class action has been given, a "court shall

7    consider any motion made by a purported class member in response to the notice . . . and shall

8    appoint as lead plaintiff the member or members of the purported plaintiff class that the court

9    determines to be most capable of adequately representing the interest of class members."  15

10   U.S.C. § 78u–4(a)(3)(B)(i).  The most capable plaintiff is generally the one who has the greatest

11   financial stake in the outcome of the case, so long as he or she meets the requirements of Rule 23.

12   *In re Cavenaugh*, 306 F.3d at 729.  District courts have "equate[d] financial interest with actual

13   economic losses suffered."  *Perlmutter v. Intuitive Surgical, Inc.*, 2011 WL 566814, at *3 (N.D.

14   Cal. 2011); *see also Richardson v. TVIA, Inc.*, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007)

15   (looking primarily to the movants' approximate losses suffered in identifying the plaintiff with the

16   largest financial interest).

17          Here, Fish has the largest financial interest in the litigation.  Fish provides evidence that he

18   suffered losses of $1,563,260.03 as a result of Defendants' conduct.  *See* ECF No. 18-1, First

19   Declaration of Willem F. Jonckheer ("First Jonckheer Decl.") Ex. C.  In a response, Local 338 has

20   pointed to errors in the stock prices provided by Plaintiff on the days in question, and, as a result,

21   Fish has modified his estimated losses to $1,779,637.50.  ECF No. 32-1, Second Declaration of

22   Willem F. Jonckheer ("Second Jonckheer Decl.") Ex. C.

23          The other plaintiffs have lower asserted financial interests.  Local 338 asserts that it

24   suffered a loss of $539,153.05.  Prongay Decl. Ex. C.  Flynn and Jubitz assert that they have

25   suffered a loss of $141,597.  ECF No. 11, Declaration of Jennifer Pafiti ("Pafiti Decl.") Ex. C.  As

26   mentioned above, Local 338 has asserted that Fish's calculations are questionable given that his

27   original submission included incorrect stock prices.  However, the values before and after Fish's

28

Case No. 16-CV-04686-LHK
ORDER RE: MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL

United States District Court
Northern District of California

1   revision are both higher than the amounts asserted by Local 338 and Flynn and Jubitz.  Therefore,

2   the Court finds that Fish is the movant with the greatest financial interest in the litigation.

3                           **b.    Rule 23 Requirements**

4          The Court next turns to whether Fish satisfies the requirements of Rule 23(a).  *See In re*

5   *Cavenaugh*, 306 F.3d at 732 ("Once it determines which plaintiff has the biggest stake, the court

6   must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy

7   requirements.").  This showing need not be as thorough as what would be required on a class

8   certification motion and only needs to satisfy typicality and adequacy.  *See Zhu v. UCBH*

9   *Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010) ("Although the inquiry at this stage

10  of the litigation is not as searching as the one triggered by a motion for class certification, the

11  proposed lead plaintiff must make at least a preliminary showing that it meets the typicality and

12  adequacy factor.").  The Court first addresses typicality and then addresses adequacy.

13         In determining whether typicality is satisfied, a court inquires "whether other members

14  have the same or similar injury, whether the action is based on conduct which is not unique to the

15  named plaintiffs, and whether other class members have been injured by the same course of

16  conduct."  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation and

17  quotation marks omitted); *Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010) (citations

18  omitted) (holding that typicality is satisfied "when each class member's claim arises from the

19  same course of events, and each class member makes similar legal arguments to prove the

20  defendants' liability").  This requirement is "permissive" and requires only that the

21  representative's claims are "reasonably co-extensive with those of the absent class members; they

22  need not be substantially identical."  *Hanlon*, 150 F.3d at 1020.  "The purpose of the typicality

23  requirement is to assure that the interest of the named representative aligns with the interests of the

24  class."  *Hanon*, 976 F.2d at 508.

25         Here, like other members of the purported class, Fish purchased SolarCity securities during

26  the Class Period allegedly in reliance on Defendants' false and misleading statements, and

27  suffered damages as a result.  Thus, because Fish's claims are premised on the same legal and

28
    8
    Case No. 16-CV-04686-LHK
    ORDER RE: MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL

United States District Court
Northern District of California

1   remedial theories and are based on the same types of alleged misrepresentations and omissions as

2   the class's claims, Fish's claims are typical of the claims of other members of the putative class.

3   *See* Fish Mot. at 6; *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,

4   2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (finding typicality requirement met when

5   proposed lead plaintiff "purchased [the defendant's] common stock during the Class Period,

6   allegedly in reliance upon [the d]efendants' purported false and misleading statements, and

7   alleged[ly] suffered damages as a result").

8       The Court next addresses Fish's adequacy.  In the Ninth Circuit, to test the adequacy of a

9   class representative, a court must answer two questions: "(1) do the named plaintiffs and their

10  counsel have any conflicts of interest with other class members; and (2) will the named plaintiffs

11  and their counsel prosecute the action vigorously on behalf of the class?"  *Staton v. Boeing Co.*,

12  327 F.3d 938, 957 (9th Cir. 2003) (citing *Hanlon*, 150 F.3d at 1020).

13      Here, there is no indication of conflicts between Fish and other class members.  *See* Fish

14  Mot. at 9.  Further, Fish has a significant stake in the outcome of the instant action such that the

15  Court is confident he will vigorously prosecute the claims.  *See Miami Police Relief & Pension*

16  *Fund v. Fusion-io, Inc.*, 2014 WL 2604991, at *5 (N.D. Cal. June 10, 2014) (appointing lead

17  plaintiff in a securities class action where there was no evidence of conflicts and the presumptive

18  lead plaintiff had a large stake in the litigation).  Fish has submitted a sworn certification that he is

19  "willing to serve as a representative party on behalf of the class in this action," and that he "fully

20  understand[s] the duties and responsibilities of the lead plaintiff under the [PSLRA]."  First

21  Jonckheer Decl. Ex. A ¶ 3.  Moreover, Fish has submitted evidence that he has hired counsel with

22  experience in the prosecution of securities class actions.  *See* First Jonckheer Decl. Ex. D; *Philips*

23  *v. Ford Motor Co.*, 2016 WL 7428810, at *12 (N.D. Cal. Dec. 22, 2016) (finding adequacy at

24  class action certification partly because "Plaintiffs' counsel has experience in prosecuting

25  consumer protection actions involving claims similar to those in the instant case.").  Accordingly,

26  the Court finds that, for purposes of the appointment of lead plaintiff, Fish has made a showing

27  that he meets the adequacy requirement of Rule 23.

28

United States District Court
Northern District of California

### c.     Rebuttal of Presumptive Lead Plaintiff

Having established that Fish has the greatest financial stake and satisfies the requirements of Rule 23(a), Fish is presumptively the most adequate plaintiff to represent the class.  This presumption may be rebutted only upon proof by a member of the purported plaintiff class that Fish either (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render [it] incapable of adequately representing the class."  15 U.S.C. § 78u–4(a)(3)(3)(B)(iii)(II).  Absent proof that the lead plaintiff candidate with the largest financial interest does not satisfy the requirements of Rule 23, said candidate is "entitled to lead plaintiff status."  *In re Cavanaugh*, 306 F.3d at 732.

In response to Fish's motion, Local 338 argues that Fish will not be an adequate or typical lead plaintiff because the losses Fish claims in his motion were inaccurate.  Specifically, Local 338 notes that some of the stock prices used to calculate the total amount purchased and sold were higher than the maximum or lower than the minimum SolarCity stock price on the day of the purchase or sale of the stock.  Local 338 Opp'n at 3.  In response, Fish acknowledges that the declaration was inaccurate, and explains that the error was due to a "transposing error" that occurred when the stock prices were migrated "from Mr. Fish's online brokerage account."  Fish Reply at 1–2.  After correcting the error, Fish's claimed financial losses increased from $1,563,260.03 to $1,779,637.50.  *Compare* First Jonchheer Decl. Ex C, *with* Second Jonchheer Decl. Exs. B, C.

While the Court finds the error in Fish's claimed damages to be troubling, those errors do not rebut the presumption that Fish is lead plaintiff.  Multiple district courts have held that "minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement."  *Niederklein v. PCS Edventures!.com, Inc.*, 2011 WL 759553, at *11 (D. Idaho Feb. 24, 2011); *Tai Jan Bao v. SolarCity Corp.*, 2014 WL 3945879, at *4 (N.D. Cal. Aug. 11, 2014) (finding presumptive lead plaintiff adequate and typical despite error in claimed losses); *In re Advanced Tissue Sciences Sec. Litig.*, 184 F.R.D. 346, 351 n.12 (S.D. Cal. 1998) ("The Court . . . does not find the McKitty Group's computational and typographical errors to be so

10

1    substantial as to overcome the statutory presumption in favor of the McKitty Group."); *Chill v.*

2    *Green Tree Fin.Corp.*, 181 F.R.D. 398, 410–11 (D. Minn. 1998) (allowing plaintiff movant to

3    supplement certifications in order to correct technical deficiencies in original filing).  A district

4    court in the Southern District of New York has noted that "[t]he failure to correct obvious or

5    inconsequential clerical errors . . . simply is not the type of adequacy issue that would 'divert the

6    fact finders' attention from the merits and thus infect the claims of the class as a whole.'" *Khunt*

7    *v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 538–39 (S.D.N.Y. 2015) (quoting *Dubin v.*

8    *Miller*, 132 F.R.D. 269, 272 (D. Colo. 1990)).  Similarly here, the error made when transferring

9    stock prices from Plaintiff's brokerage account to Fish's motion was clearly an inadvertent error

10   that will not "infect the claims of the class as a whole." *Id.*

11        Errors in claimed losses may render a movant inadequate if there is "evidence of bad faith

12   or intent to deceive the court or the parties." *In re SLM Corp. Sec. Litig.*, 2012 WL 209095, at *8

13   (S.D.N.Y. Jan. 24, 2012).  Here, there is no indication that Fish's error was caused by anything but

14   an oversight.  In fact, because Fish is seeking to become lead plaintiff—presumptively, the

15   plaintiff with the largest financial interest in the litigation—Fish would have benefited from

16   increasing the claimed amount rather than decreasing it, as occurred here.  Thus, the Court finds it

17   unlikely that bad faith motivated Fish's error.

18        Local 338 also argues that Fish's errors could create "individualized defenses" that affect

19   the typicality and adequacy of Fish as lead plaintiff.  However, Local 338 fails to identify and the

20   Court is unaware of any individualized defenses that are likely to arise from Fish's error.

21        Finally, Local 338 argues that, as an institutional investor, Local 338 would be a better

22   lead plaintiff than Fish.  However, "a district court's belief that 'another plaintiff may be 'more

23   typical' or 'more adequate' is of no consequence.'" *Khunt*, 102 F. Supp. 3d at 535 (quoting *In re*

24   *Cavanaugh*, 306 F.3d at 732).  The Court's review is limited to determining which movant has the

25   largest financial interest and determining whether that movant satisfies the Rule 23 requirements.

26

27

28

United States District Court
Northern District of California

11

1   Here, Fish satisfies both requirements.[3]

2       Accordingly, Fish is entitled under the PSLRA to be the lead plaintiff in this securities

3   class action.

4               **3.      Lead Plaintiff's Counsel**

5       The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of

6   the court, select and retain counsel to represent the class."  15 U.S.C. § 78u–4(a)(3)(B)(v).  The

7   decision of lead counsel belongs to the lead plaintiff.  *In re Cavanaugh*, 306 F.3d at 734 n.14.

8   Fish has chosen the law firms of Schubert Jonckheer & Kolbe LLP and Newman Ferrara LLP.

9   The Court has reviewed the firms' resume, *see* First Jonckheer Decl. Ex. D, and is satisfied that

10  the lead plaintiff has made a reasonable choice of counsel.  Both Schubert Jonckheer & Kolbe

11  LLP and Newman Ferrara LLP have experience in the prosecution of securities class actions, and

12  it appears that those firms will adequately represent the interests of all class members.

13  Accordingly, the Court defers to Fish's choice in counsel.

14  **III.   CONCLUSION**

15      The Court DENIES as moot Fish's, Flynn and Jubitz's, and Local 338's motions to

16  consolidate.  The Court GRANTS Fish's motion to be appointed as lead plaintiff and for approval

17  of lead plaintiff's counsel.  The Court DENIES Local 338's and Flynn and Jubitz's motions to be

18  appointed as lead plaintiff and for approval of lead plaintiff's counsel.  The Court DENIES Fish

19  and Local 338's stipulation for appointment of Fish and Local 338 as co-lead plaintiffs.

20  **IT IS SO ORDERED.**

21

22  Dated: January 25, 2017

23                                  *Lucy H. Koh*

24                                  LUCY H. KOH
                                    United States District Judge

25

26  _____

27  [3] The Court also notes that Local 338 has stipulated to appointment of itself and Fish as co-lead plaintiffs.  This willingness to allow Fish to be one of the lead plaintiffs indicates that Local 338 does not strongly believe that Fish fails to satisfy typicality and adequacy.

28

12

United States District Court
Northern District of California